[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------------------------------------------

No. 07-12834
Non-Argument Calendar

--------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00497-CR-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEDYE SAKO,
a.k.a. Ali Sacko,

Defendant-Appellant.

-------------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

-------------------------------------------------------------------

**(April 2, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Dedeye Sako appeals his 18-month sentence for being an illegal alien in possession of a firearm, 18 U.S.C. § 922(g). No reversible error has been shown; we affirm.

The instant charge stemmed from Sako's call to the Atlanta police to report a robbery of his business. When officers arrived, they detained Sako. He had stated that he feared two men who had entered his business were going to rob him; so he pulled out a gun. The two men ran, and Sako chased them. He originally told police that he did not fire the gun at the would-be robbers. Police then interviewed the two men, who stated that they entered Sako's business to see what he was selling and that he began yelling at them. When Sako pulled out a gun, they fled; and he fired at them. A review of video surveillance revealed that Sako yelled at the men when they entered the store. When again asked by police if he fired his gun, Sako replied that he had shot at the two men because he feared they were going to rob him.[1] The Atlanta police arrested Sako for aggravated assault. But this charge later was dropped at the bidding of the Bureau of Immigration of

---

[1]The men told police that Sako fired three or four shots at them; but a later examination of the gun revealed that it contained nine out of ten rounds of ammunition.

Customs Enforcement ("BICE") because BICE wanted to prosecute Sako for being an illegal alien in possession of a firearm.[2]

At sentencing, the district court imposed a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6), to Sako's base offense level based on his possession of the gun in connection with another felony offense. Sako contends (1) that application of this enhancement violated the Sixth Amendment because it was based on facts not alleged in the indictment or admitted by him; and (2) that the court erred in applying the enhancement because the evidence showed that he merely discharged a weapon, a misdemeanor, instead of committed a felony aggravated assault.[3] Sako failed to raise a constitutional challenge to his sentence in the district court; so we review his claim only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).[4] We review the district court's

---

[2]BICE already was investigating Sako in connection with a fraud scheme involving counterfeit media. Sako, who entered the United States using a passport in the name of an alias, previously had been in deportation proceedings and was denied asylum. He twice was ordered to depart the United States voluntarily, but failed to do so.

[3]Sako contends that the court made indefinite determinations about the enhancement that cannot be subjected to appellate review. We disagree. The court determined that the facts warranted an enhancement based on Sako's discharge of the firearm and that the discharge constituted an aggravated assault.

[4]Under a plain-error analysis, we may not correct the error unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights," and "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation omitted).

interpretation of the Sentencing Guidelines de novo and its factual determinations for clear error. United States v. Pope, 461 F.3d 1331, 1333 (11th Cir. 2006).

Sako has failed to show sentencing error here. About the constitutional claim, the district court complied with United States v. Booker, 125 S.Ct. 738 (2005), by treating the Guidelines as advisory. As such, the district court was permitted to apply extra-verdict enhancements based on facts not alleged in the indictment or admitted by Sako. Rodriguez, 398 F.3d at 1301.

The district court also correctly applied the enhancement. Under U.S.S.G. § 2K2.1(b)(6), a four-level enhancement applies if a defendant possessed a firearm in connection with "another felony offense," which is defined as "any Federal, state, or local offense" punishable by more than a year of imprisonment "regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1, comment. n.14(c). In Georgia, a person commits aggravated assault -- and shall be imprisoned not less than one year -- when he "assaults . . . with a deadly weapon . . . which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Ga.Code.Ann. § 16-5-21(a)(2), (b).

That Sako discharged the gun in an attempt to scare off the men he perceived as robbers is disputed. At sentencing, Sako stated that he shot at the

4

floor, not at the men. But he previously admitted to police that he had shot at the men out of fear of being robbed. Based on Sako's conflicting statements about his acts and the police officers' decision to charge him with aggravated assault after taking statements and viewing video surveillance, the district court did not clearly err determining that Sako shot at the men; and this act constituted the felony offense of aggravated assault under Georgia law.[5]

We now turn to Sako's argument that his sentence is unreasonable. We review his sentence for reasonableness in the light of the factors set out in section 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005).[6] Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "[T]he party who challenges the

---

[5]Sako also argued that the enhancement should not apply because discharge of the gun was not relevant conduct to the possession charge. But he discharged the gun while he illegally possessed it. See U.S.S.G. § 1B1.3(a)(1) (relevant conduct includes "all acts . . . committed . . . that occurred during the commission of the offense of conviction.").

[6] In addition, reasonableness review employs an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Sako's sentence was reasonable. The sentence was at the low end of the Guidelines range, and well below the 10-year statutory maximum. 18 U.S.C. § 924(a)(2); Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"); Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). Though not explicitly stating so, the district court clearly considered the section 3553(a) factors in determining an appropriate sentence. The court specifically noted Sako's involvement in previous incidents where violence occurred and his continued violation of immigration law. The district court also considered Sako's difficult past in his home country, his wife's favorable testimony, and his young child. See § 3553(a)(1), (2)(B). The district court's statement of reasons was sufficient. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the Guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the

6

defendant); <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005)

(explaining that <u>Booker</u> does not require the district court to state on the record

that it explicitly has considered each section 3553(a) factor).[7]

Based on the factors outlined in section 3553(a) and our review of the

record, we conclude that Sako has not carried his burden of showing that his

sentence was unreasonable.

**AFFIRMED.**

---

[7]Sako's argument that the district court gave unreasonable weight to the Guidelines is without merit; the court can determine the appropriate weight to give the Guidelines after considering the section 3553(a) factors.  <u>See</u> <u>United States v. Williams</u>, 456 F.3d 1353, 1363 (11th Cir. 2006) <u>cert. dismissed</u>, 127 S.Ct. 3040 (2007), <u>abrogated in part on different grounds by</u> <u>Kimbrough v. United States</u>, 128 S.Ct. 558 (2007) (explaining that "[w]e will not substitute our judgment in weighing the relevant factors.").  We also reject Sako's argument that the district court applied a presumption of reasonableness to the Guidelines range.